

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

September 6, 1966

Honorable John L. Hill
Secretary of State
State Capitol Building
Austin, Texas

Opinion No. C-750

Re: Authority of Secretary
of State to file an
Application for Renewal
of Certificate of
Authority of a dis-
solved foreign
corporation and related
question

Dear Mr. Hill:

In your opinion request you have asked whether your office has the authority to file an "Application for Renewal of Certificate of Authority" which has been submitted by a dissolved foreign corporation. The submitted application indicates on its face that the corporation is no longer engaged in normal business operations, has no authorized capital stock, stockholders or outstanding capital stock and has no stated capital.

Foreign corporations seeking to renew a certificate of authority must comply with Article 8.05 of the Texas Business corporation Act which requires, among other things, that the applying corporation state the purpose or purposes which it proposes to pursue in transacting business in Texas, the number of authorized shares which the corporation may issue, the number of outstanding capital shares and the stated capital of the corporation. Clearly, the application submitted by the corporation does not fulfill these requirements. We accordingly hold that your office does not have authority to file an Application for Renewal of Certificate of Authority which does not comply with the provisions of Article 8.05, such as the one submitted by the dissolved foreign corporation in question.

You also ask whether the dissolved corporation is transacting business in Texas under the facts submitted with your opinion request. The corporation was dissolved in its domiciliary state on October 30, 1964, and its Certificate of Authority in Texas has recently expired. The corporation has leased an office, employed four

-3609-

persons and obtained a telephone listing for the purposes of defending lawsuits pending against it, prosecuting its claims, and winding up its affairs. The corporation maintains a sum of cash in Texas in various demand accounts or time deposits for the purpose of paying known and contingent claims. Except for defending lawsuits, prosecuting its claims, paying claims against it and winding up its affairs, the corporation is not engaging in any activity in Texas. Upon final winding up of its affairs, the corporation will distribute all remaining assets to former shareholders.

Under Section 278 of the General Corporation Law of Delaware, the domiciliary state of the corporation in question, a corporation continues to exist for a period of three years after dissolution for the limited purposes of suing, being sued and winding up its affairs, but not for the purpose of continuing the business for which it was organized. Article 8.01 of the Texas Business Corporation Act provides that:

". . .

"B. Without excluding other activities which may not constitute transacting business in the State, a foreign corporation shall not be considered transacting business in this State, for the purpose of this Act, by reason of carrying on in this State any one (1) or more of the following activities:

"(1) Maintaining or defending any action or suit or any administrative or arbitration proceedings, or effecting the settlement thereof or the settlement of claims or disputes to which it is a party.

". . .

"(3) Maintaining bank accounts.

". . . ."

Under the facts submitted, the principal activities of the corporation in question fall within the above quoted exceptions of Article 8.01. Any other activities in which the corporation may be engaged, as set forth in the submitted facts, are merely incidental to the main activities and are not of sufficient moment to

Honorable John L. Hill, page 3 (C-750)


constitute transacting business. We are of the opinion
that under the submitted facts the corporation is not
transacting business in Texas within the provisions
of the Texas Business Corporation Act.

### SUMMARY

The Secretary of State does not have
authority to file an Application for Re-
newal of Certificate of Authority which
does not comply with Article 8.05 of the
Texas Business Corporation Act.

Under the facts submitted, the
corporation in question is not trans-
acting business in Texas within the
provisions of the Texas Business
Corporation Act.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

JOHN W. FAINTER, JR.
Assistant Attorney General

JWF:sh

APPROVED
OPINION COMMITTEE

W. V. Geppert, Chairman
Roy B. Johnson
Mark W. White
Milton Richardson
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright